UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
BONNIE ANN HOLDER,

                      Plaintiff,

    - against -

ALLIANCE FOR HEALTH INC.,
ACCENT CARE INC., and
AWILDA BURGOS,

                      Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-96

PAMELA K. CHEN, United States District Judge:

On January 5, 2022, Plaintiff Bonnie Ann Holder filed this *pro se* action against Alliance for Health, Inc., Accent Care Inc., Awilda Burgos, Elianne Gallardo, Angela Cruzado, Anna Marie Cassarino, Elizabeth Camecho-Rivera, and "Tracy 6th Floor Last Name Unknown Employer Alliance for Health Inc." (collectively, "Defendants"),[1] challenging the termination of her employment. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons set forth below, the Complaint is dismissed with leave to amend within thirty (30) days of this Memorandum and Order.

## BACKGROUND

Plaintiff was a home health aid at Alliance for Health, Inc. for approximately three months before being terminated on February 25, 2021. (Dkt. 1, at ECF 8, 11.) Although claiming

---

[1] While Alliance for Health, Inc., Accent Care Inc., and Awilda Burgos are the only defendants included in the case caption, the handwritten portion of the Complaint names the remaining individual Defendants. (*See* Dkt. 1, at ECF 10 (Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination).) The Court therefore construes the Complaint liberally to be against the Defendants listed above. *Erickson v. Pardus*, 551 U.S. 89 (2007). The Clerk of Court is respectfully directed to amend the caption of this case accordingly.

1

wrongful termination, unequal terms and conditions of employment, and retaliation, Plaintiff does not allege that this conduct was based on any protected status. (*Id.* at 3–5.) Rather, Plaintiff alleges that she was "wrongfully terminated" because of a 90-day "inactivity" report in the employer's case assignment system, despite the fact that Plaintiff "accept[ed] cases." (*Id.* at 11, 13.) Plaintiff seeks the reversal of her termination. (*Id.* at 6, 25.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Complaints filed by *pro se* litigants are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

At the pleading stage, a plaintiff claiming employment discrimination need not prove discrimination, or even allege facts establishing every element of a *prima facie* case of discrimination. *See Vega v. Hempstead Union Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) ("[A] plaintiff is not required to plead a *prima facie* case . . . to defeat a motion to dismiss."); *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015). A plaintiff is required only to plead facts

2

sufficient to give "plausible support" to plaintiff's "minimal" initial burden, which is governed by the statute under which the claim is brought. *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 306, 311.)

## DISCUSSION

The Court lacks subject matter jurisdiction over Plaintiff's claims. Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The plaintiff bears the burden of establishing subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A case arises under federal question jurisdiction where plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff's allegations in the Complaint establish neither federal question nor diversity jurisdiction. First, as to federal question jurisdiction, Plaintiff's claims are not premised on the violation of any federal law. Plaintiff alleges that she was terminated because of her reported

"inactivity," *i.e.*, failure to accept cases, but disputes that she failed to take cases. Moreover, Plaintiff does not attribute her termination to any protected status, such as race, color, gender, religion, national origin, age or disability. "Hostility or unfairness in the workplace that is not the result of discrimination against a protected characteristic is simply not actionable." *Nakis v. Potter*, No. 01-CV-10047 (HBP), 2004 WL 2903718, at *20 (S.D.N.Y. Dec. 15, 2004) (citing *Brennan v. Metro Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999)). Second, as to diversity jurisdiction, Plaintiff does not allege that the parties are citizens of different states. Therefore, Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.

However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint if she seeks to proceed under a federal employment discrimination statute.[2] If Plaintiff elects to file an amended complaint, she must indicate the basis for the discrimination (*e.g.*, race, color, gender, religion, national origin, age, or disability), set forth facts to support her claim, and the dates for each alleged discriminatory act. Plaintiff is advised that individuals are not subject to liability for claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *See Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009); *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). Accordingly, to the extent Plaintiff seeks to file an amended complaint and proceed under Title VII, the action cannot be sustained against the individual Defendants. If Plaintiff elects to file an amended complaint, it shall be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 22-CV-96 (LDH) (RER). The amended complaint will replace the original complaint and must therefore stand on its own without reference to the original complaint.

---

[2] An employment discrimination complaint form is attached to this Memorandum and Order for Plaintiff's convenience.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order. All further proceedings shall be stayed for thirty (30) days. Plaintiff is warned that failure to file an amended complaint within the time allowed, or to show good cause why she cannot comply, will result in closure of this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 12, 2022
       Brooklyn, New York